EMMA B. NICHOLS, Appellee, v. A. W. THOMAS, Appellant.

1. **Liquor Nuisance**: INJUNCTION: EVIDENCE. Evidence that persons in the habit of drinking intoxicating liquors frequented the defendant's premises, that people were seen there intoxicated, that the place had the reputation of being a saloon, and that its general appearance, and the odor therefrom, indicated to passers-by that intoxicating liquors were sold there, *held*, sufficient to support a finding that the defendant was engaged in the illegal sale of intoxicating liquors, although there was no direct evidence that the defendant sold intoxicating liquor, and the defendant testified that the liquor drank upon the premises was brought there by others.

2. ———: ———: ATTORNEY FEES. An attorney fee of one hundred dollars for the plaintiff's attorney in such case is not excessive where it appears that the case was vigorously contested, and that four days were required for the hearing, for a preliminary injunction, and for final trial.

*Appeal from Floyd District Court.*—HON. J. C. SHERWIN, Judge.

MONDAY, OCTOBER 16, 1893.

ACTION to enjoin a saloon nuisance. There was a decree for the plaintiff, and the defendant appeals.— *Affirmed.*

*J. S. Root*, for appellant.

*Ellis & Ellis*, for appellee.

GRANGER, J.—I.  The controversy is as to the sufficiency of the evidence to warrant a finding that the

1. LIQUOR nuisance: injunction: evidence.

defendant was engaged in the sale of intoxicating liquors contrary to law. It is made to appear that the defendant kept a billiard saloon and sold ginger ale.  There is no direct testimony that he sold intoxicating liquor.  It does appear that persons in the habit of drinking such liquor frequented his place of business, and people were seen to leave there intoxicated.  The general appearance of the place in many respects and the odor therefrom, indicated to passers-by that intoxicating liquors were sold there, and there is evidence that it had the reputation of being such a place.  The defendant himself admits that liquor had been drank there, but he says that he did not keep it; that it was brought there by others, and "taken out back."  With the fact established that liquor was drank there, and we are warranted in saying that it was done to quite an extent, to give the place its general reputation and appearance, we are led to believe, though upon quite meager testimony, that the place was maintained as a nuisance.  It is hardly probable that persons would purchase liquor elsewhere, and seek out the defendant's place to drink it and become intoxicated to such an extent as to stamp his place, in the estimation of people, as a liquor saloon, if it was kept exclusively for other purposes. If we are mistaken as to the facts, it is because the defendant has permitted surroundings and a course of conduct consistent with his guilt.  We think, as did the district court, that the fact of the nuisance is established.

II.   The court allowed an attorney's fee of one hundred dollars, and it is claimed to be excessive. The

**2. ——: ——: attorney fees.** testimony shows that on a hearing for a preliminary injunction and on the final trial about four days were used, including some preparatory work.   The testimony shows that it was worth twenty-five dollars per day.   The case seems to have been quite vigorously contested, and in any other case we do not think such a fee would be regarded as unreasonable.   The law permits a reasonable fee.   The judgment is AFFIRMED.